ARTHUR E. CERF, PLAINTIFF, AND MARIETTA CERF, PLAINTIFF-RESPONDENT, v. YVONNE SMOLDEREN, DEFENDANT-APPELLANT, AND GRANVILLE R. GIBB, JR., DEFENDANT.

[Superior Court Docket No. L–1238–54]

YVONNE SMOLDEREN, PLAINTIFF, v. ARTHUR E. CERF, DEFENDANT.

[Essex County Court Docket No. 98017]

Superior Court of New Jersey
Appellate Division

Argued November 25, 1957—Decided December 13, 1957.

Before Judges CLAPP, JAYNE and SCHETTINO.

*Mr. Harold R. Teltser* argued the cause for Marietta Cerf, plaintiff-respondent and cross-appellant (*Messrs. Torppey & Teltser,* attorneys).

*Mr. Verling C. Enteman* argued the cause for defendant-appellant Yvonne Smolderen (*Messrs. McCarter, English & Studer,* attorneys; *Mr. LeRoy H. Mattson,* on the brief).

PER CURIAM. This is a consolidated action arising out of an accident involving three vehicles which were proceeding northward on the New Jersey Turnpike one evening. Granville R. Gibb, Jr., driving a tractor-trailer, in the right or slow lane, was forced to come to a stop because of traffic in both lanes which was backed up for nearly a mile ahead as a result of another accident. Arthur E. Cerf, driving a Cadillac in the left or fast lane, swerved to his right into the rear of Gibb's trailer, apparently in order to avoid hitting other cars ahead of him. In Cerf's car was his wife, Marietta Cerf, who, so the court instructed the jury, could not be charged with contributory negligence. Finally, there was Miss Yvonne Smolderen, driving a Packard, who rammed her car into the rear of the Cadillac and then went over an embankment to the right.

There were two trials. In the first trial, conducted before Judge Foley, three claims were submitted to the jury: Mrs. Cerf's claim against Miss Smolderen and Gibb; Mr. Cerf's claim against the same persons; and Miss Smolderen's claim against Cerf and Gibb. Initially, the jury returned a verdict of no cause for action with respect to each of these claims. Judge Foley, however, refused to accept the verdicts, holding

them to be irreconcilable, and sending the jury back for further deliberation. Later the jury returned to the court room, seeking additional instructions, as indicated by Judge Foley as follows:

"Ladies and gentlemen, I have the following message from you: 'Your Honor:

We understand from your charge that if we found Mr. Cerf guilty as to the cause of the accident, Mrs. Cerf is not entitled to damages.

We have found Mr. Cerf's negligence was the cause of the accident. Therefore, we believe that Mrs. Cerf is not entitled to damages.

We have also found negligence on the part of Miss Smolderen as to her own safety only. Is she entitled to damages from Mr. Cerf?'

With respect to these questions I charge you as follows:

If you find that Mr. Cerf's negligence was the sole proximate cause of the accident, then Mrs. Cerf would not be entitled to a recovery. But in that event Miss Smolderen would be entitled to a recovery against Mr. Cerf. However, if you find that Miss Smolderen, by her own negligence, proximately contributed to the happening of the accident in any degree whatsoever, she is debarred from a recovery. Because as I indicated to you in my main charge, we don't measure degrees of negligence.

If, however, you should find that Mr. Cerf, by his negligence, and Miss Smolderen, by her negligence, caused the accident—even though their negligence may have been in unequal degrees—then Mrs. Cerf is entitled to a recovery against Miss Smolderen."

The jury again retired and thereafter came in with a verdict of $1,350 in favor of Mrs. Cerf. That proved to be a quotient verdict and was set aside; and pursuant to a motion made by Mrs. Cerf, a new trial was ordered on her claim against Miss Smolderen, limited, however, to damages only. *Cerf v. Smolderen,* 39 *N. J. Super.* 222 (*Law Div.* 1956). A substitution of attorneys was then filed, so as to enable her present attorneys to appear for her as defendant only (and their representation is still so confined; no one appears for her, as plaintiff). They then moved for a rehearing of the motion for a new trial. After full argument, the rehearing was denied, and she thereafter, through present counsel, appealed to this court and also moved for leave to appeal. We dismissed the appeal and denied leave, and the

Supreme Court thereafter refused certification. *Cerf v. Smolderen,* 22 *N. J.* 221 (1956). At the new trial before Judge Masucci, a jury brought in a verdict of $7,500 in favor of Mrs. Cerf against Miss Smolderen. Miss Smolderen appeals, and Mrs. Cerf cross-appeals.

Miss Smolderen's first point is that the initial verdicts of no cause for action were consistent with the evidence and should now be reinstated. While the other attorneys made certain objections at the time that the court refused to accept these verdicts, Miss Smolderen's attorney not only made no objection, but (being perhaps more interested in her case as plaintiff) seems to have "insisted * * * that the jury should be sent back for further deliberation." In any event the point now advanced was not presented by any attorney at that time or later at the original motion for a new trial. For relief on this point, she must therefore rely on the rule allowing us to notice plain error. *R. R.* 1:5–3(c). (We do not stop to consider the procedural question whether a motion for the rehearing of a motion for new trial can be made nearly three months after the entry of a verdict, in an attempt to raise a wholly new question which could, just as well, have been raised on the original motion. *Cf. R. R.* 4:61–2; 1:27B(c)).

The initial verdicts of no cause for action are not logically irreconcilable. The jury could conceivably have found that no one of the three drivers was negligent, and thus have concluded that no claimant could recover. Perhaps because counsel believed that Cerf and Miss Smolderen were both negligent, this hypothesis has not even been mentioned. There is, however, another basis for reconciling the verdicts. The jury, observing that there were two impacts here (one, when the Cadillac hit the tractor-trailer and, two, when the Packard hit the Cadillac), might have found that Mrs. Cerf's injuries were the result entirely of the first impact. Upon this second hypothesis, Miss Smolderen rests the argument now under consideration.

The argument depends a great deal upon the jury's message to the trial court, above quoted, which we may

assume (without deciding the point) can be referred to for present purposes. *Cf. Kelley v. Curtiss,* 16 *N. J.* 265, 272, 273 (1954). First it is claimed on Miss Smolderen's behalf that the jury found Cerf to be "the" cause—that is, the sole cause—of Mrs. Cerf's injuries. This reading of an informal message, written by jurors in a jury room, places perhaps undue stress upon the word "the" (note the misuse of the word in the first paragraph of the message). The contention would fall if the article "a" had been used. Second, however, more point is made of the statement of the jury that it found Miss Smolderen negligent "as to her own safety only." The contention is that this is a finding that her negligence was not the proximate cause of Mrs. Cerf's injuries. We can hardly assume that the jury was finding that Miss Smolderen was negligent as to her own safety only, when (as will be shown presently) she plunges her fast-moving car into the rear of the Cadillac containing two persons (endangering incidentally the car which was moving along behind the Cadillac in the slow lane. See 39 *N. J. Super.,* at 228). It could be that the jury was attempting merely to express in a very inept fashion that she was guilty of contributory negligence.

In any event, we need not involve ourselves in an analysis of this message. Miss Smolderen's present counsel conceded, below, that the case was not tried upon any theory which would enable the jury to allocate certain of Mrs. Cerf's injuries to the first impact and certain others of them to the second impact. Still, somehow, he feels that the theory of the trial was such as to permit the allocation of all of her injuries to the first impact and none to the second impact.

But we need not concern ourselves with what may have been the theory of the trial. For an examination of the proofs makes it apparent that the whole contention is without substance. The facts of the case have been sharply summarized by Judge Foley, *Cerf v. Smolderen,* 39 *N. J. Super.,* at 228, *supra,* and need not be repeated here. They strongly indicate that she was negligent. In fact her present counsel

conceded below that he supposed that if a new trial were ordered, the jury could then be instructed that it had been determined that she was negligent. However, his contention below and here is that this negligence of hers did not in any measure contribute to Mrs. Cerf's injuries, that in fact those injuries were the product solely of Mr. Cerf's negligence. The same contention was raised by her prior counsel, on her motion for judgment at the close of the evidence, and it drew this response from Judge Foley:

"* * * there was no appreciable period of time between the contact of the Cerfs' car with the rear of the trailer and the contact between the Smolderen and Cerf's car. I mean it was all just like that. And now as a result of the front of the car ramming into the truck and simultaneously the rear of it being bashed in by the Smolderen car, the lady was injured * * * I think it would be like any other case where a car is involved in a three-car collision in which the injuries are sustained as a result of the combined negligence of two, perhaps three drivers. How could you separate them?"

These remarks of the court touch on legal questions which have not been dealt with in the briefs. See *Harper and James, Torts,* 706–709, 1305, 1306 (1956). But we need not go into these questions, for we think the case can be disposed of on a factual basis.

The proofs establish, beyond any reasonable question, that the Packard struck the Cadillac a heavy blow, causing this extensive damage all to its rear:

"Right quarter panel, the deck lid hinges, lower deck panel, left rear fender, tail-light, left rear, rear bumpers and brackets, license light, spare wheel carrier, wheel shields, fender mountings."

The Cadillac prior to the accident was a three months old car in perfect condition. The blow had even a more damaging effect on the front of the Packard, which also was practically a new car. The Packard caromed off the Cadillac, and though it went down an embankment, it nevertheless remained on its four wheels; so far as appears, it struck nothing but the Cadillac. All the damage was to the front of the Packard, and it was so extensive that the car was

said to be a total loss. We do not mention the serious injuries to Miss Smolderen. There is no merit at all to Miss Smolderen's contention that this tremendous crash into the Cerf car did not in some measure inflict upon Mrs. Cerf material injuries in addition to those resulting from her husband's act.

The case, then, is one by Mrs. Cerf, who was not chargeable with negligence, against Miss Smolderen, whose negligence was virtually conceded and whose negligent acts must have injured Mrs. Cerf. The refusal of Judge Foley to accept a verdict of no cause for action in such a case cannot be assailed as prejudicial error. And, of course, it is not plain error within *R. R.* 1:5–3(*c*). The doctrine of plain error is available with respect to an error committed below only where the probability of prejudice and injustice is so great, and the error so substantial, as to require the appellate court to notice it, even though the matter was not called to the trial court's attention at the time of the ruling complained of. *State v. D'Ippolito,* 19 *N. J.* 540, 548 (1955). There is no basis for reinstating the original verdicts.

Miss Smolderen's second point is that when the trial court awarded Mrs. Cerf a new trial on her claim against Miss Smolderen, it should have extended the trial to the issue of liability, and not limited it to damages. This point, like the first point, seems to hinge on Miss Smolderen's claim that her negligence contributed in no respect to Mrs. Cerf's injuries; and, also like the first point, it raises a question whether Miss Smolderen can claim she was prejudiced by the ruling. Since, as was practically conceded below, there was very strong proof of negligence, and since, as seems evident, her negligence must have been materially injurious to Mrs. Cerf, we think the decision of the court to limit the new trial to damages cannot be regarded as prejudicial error. *Cf. Dahle v. Goodheer,* 38 *N. J. Super.* 210, 219 (*App. Div.* 1955), another case where there was "no close question of liability."

Furthermore, in connection both with this point and also with the first point, Miss Smolderen is met with the rule

of *Hartpence v. Grouleff*, 15 *N. J.* 545 (1954), which has been repeatedly followed. *Colacurcio Contracting Corp. v. Weiss*, 20 *N. J.* 258, 265 (1955); *Ruth v. Fenchel*, 21 *N. J.* 171, 173 (1956); *Davis v. Hellwig*, 21 *N. J.* 412, 420 (1956); *Lindroth v. Christ Hospital*, 21 *N. J.* 588, 596 (1956). It cannot be said that it clearly and unequivocally appears that error was committed here by the trial court, either in limiting the new trial to damages or in refusing to accept the original verdicts of no cause for action. On these various bases the judgment must be affirmed.

■ Mrs. Cerf's cross-appeal deals with the second trial, which, as above stated, was limited to damages. She objects to that portion of the trial court's charge, which has been italicized below:

"There has been some claim by the plaintiff's attorney that they are claiming $25,000 for damages in this case. *A $25,000 award would be highly excessive and would probably be set aside by the Court.* But she is entitled to be adequately and reasonably compensated for all the injuries, pain and suffering, inconvenience and other matters that I have told you about to the extent that you find that they were the proximate result of this accident.
As I said to you before you are the sole judges　*　*　*."

We pass over the fact that objection to this charge was not taken until after the jury had retired. That point has not been raised. Further, see *Jelinek v. Sotak*, 9 *N. J.* 19, 25 (1952).

Mrs. Cerf's counsel states that she sustained a fracture of the left collar bone, two ribs and the right leg and also a badly comminuted fracture of the right ankle and left heel bone. We do not have the testimony taken at the second trial. But at the first trial she said she felt "very uncomfortable" while staying in the hospital for 13 days after the accident (she left the same day her husband left). Her collar bone was painful, and her heel was sore. From the hospital she was taken home with two casts on her legs and kept in bed there for two months, thereafter using crutches and later a cane. She was in pain while in bed, bothered particularly by the right ankle; she also went to a hospital

to have her ankle realigned. At the trial she said her right ankle gets "a little bit stiff occasionally." Her left heel, however, bothered her more; if she stepped on anything uneven, there was a sharp ache, and if she got tired, there was a dull ache. One of her doctors testified that she had a mild residual permanent disability involving the right ankle joint, and a gradually increasing traumatic arthritis involving one important joint in the left foot, impairing the motion of that joint well over 50%. There is apparently no limp.

A trial court should exercise much caution so as not in any way to control a jury as to a factual finding within its province. However, in view of the particular injuries sustained by Mrs. Cerf, we do not think prejudice has been shown.

Affirmed.